UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Leon Muldrow, #226710, ) | C/A No. 4:12-988-RBH-TER |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| State of South Carolina, ) | |
| Defendant. ) | |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319.

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff herein files this action pursuant to 42 U.S.C. § 1983, in connection with his state criminal conviction and sentence. After properly exhausting his state court remedies, Plaintiff filed a petition for writ of habeas corpus with regard to the same criminal case. *See Muldrow v. State*, 3:05-cv-388 (D.S.C. 2005). In his petition, Plaintiff claimed that:

1) the court lacked subject matter jurisdiction to accept his guilty plea;

2) the indictment was founded on inadmissible evidence;

3) the court lacked subject matter jurisdiction to hear his guilty plea;

4) the court lacked subject matter jurisdiction due to the state's illegal prosecution of an unindicted offense;

5) the court lacked subject matter jurisdiction due to falsified or inadmissible evidence;

6) the court lacked subject matter jurisdiction to hear the plea, enter the conviction, and sentence Plaintiff due to a false indictment;

7) the court lacked the subject matter jurisdiction due to concealed prosecution of offenses;

8) the court lacked subject matter jurisdiction or legal authority to sentence Plaintiff to serve a sentence without parole eligibility;

9) ineffective assistance of counsel;

10) involuntary plea;

11) the court lacked subject matter jurisdiction to hear the plea, enter the conviction, and impose sentence due to duplicity.

This Court denied Plaintiff's petition, due to (i) the tolling of the statute of limitations; (ii) the state's highest court found no violation of state law; (iii) procedural bar (as to Ground 2); (iv) no error or prejudice (as to Ground 9); and (v) the plea was not involuntary. Thereafter, Plaintiff filed a second petition, which the Court dismissed as successive of his prior petition, and "untimely under the 1-year limitation period set forth in 28 U.S.C. 2244(d)." *Muldrow v. Warden Evans Corr. Inst.*, No. 3:07-1170-RBH-JRM, 2009 WL 2244191, *1 (D.S.C. July 24, 2009).

Plaintiff has apparently completed his sentence. In the instant action, Plaintiff revisits his state arrest, criminal proceedings, conviction and sentence. Plaintiff names only the State of South Carolina as a defendant herein, but his Complaint makes allegations of conspiracy among public defenders, the Solicitor's Office and his presiding judge. Plaintiff makes a separate conspiracy charge against "State officials and Departments." (ECF. No. 1 at 12.) Plaintiff holds these parties responsible for false imprisonment, malicious prosecution, reckless disregard, conspiricial[sic] and loss of life and oppertunities[sic]." (*Id.* at 14.) In compensation for "the reckless disregard for the laws, my liberty, life, suffering and loss of oppertunity[sic]" resulting from the violation of his

3

constitutional rights, Plaintiff seeks a total of $192,000,000 from the State of South Carolina. (*Id.* at 13.) He also seeks "reversal or nullification of [his] conviction and record." (*Id.* at 14.)

Initially, Plaintiff cannot have his conviction "revers[ed] or nullif[ied]" in a civil rights action. Habeas corpus is the exclusive remedy for an individual who challenges the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

As Plaintiff has clearly not had his conviction reversed, expunged or otherwise nullified, his Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one, alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (footnote omitted).

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996).

By the above statements, the United States Supreme Court ruled that, until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas corpus or otherwise, any civil rights action based on the conviction and related matters will be barred. Because Plaintiff's allegations, if true, would invalidate his conviction, this complaint cannot go forward.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 14, 2012
Florence, South Carolina

**Plaintiff's attention is directed to the important WARNING on the following page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).